UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ashley Stewart,  
*Administrator for the Estate of*  
*Deceased Jared D. Stewart*,

          Plaintiff,

v.

Corrections Center of Northwest Ohio, et al.,

          Defendants.

Case No. 3:23-cv-2436

MEMORANDUM OPINION
AND ORDER

## I.    INTRODUCTION

Before me is the motion for partial judgment on the pleadings filed by Defendant Southern Health Partners, Inc. and its employees, Defendants Dr. Anas Alzuhaili, Joelyn Etgen, Angela Bruinix, Hospital Administrator, and John and Jane Doe medical staff (collectively, the "Southern Health Defendants"). (Doc. No. 32). Plaintiff filed a brief in opposition to this motion, (Doc. No. 33), and the Southern Health Defendants filed a reply. (Doc. No. 34).

## II.    BACKGROUND

On July 13, 2021, Jared Stewart began serving a 180-day sentence at the Corrections Center of Northwest Ohio. On January 7, 2022, shortly before he was set to be released, he died. His death stemmed from a December 27, 2021 incident when Mr. Stewart lost consciousness in the shower, fell, and hit his head.

On December 22, 2023, Plaintiff, as administrator of Mr. Stewart's estate, filed this action. In the Complaint, she alleges Mr. Stewart's fall and subsequent death was caused by the allegedly

deficient medical care in the day or days preceding his fall and immediately after the fall. Based on these allegations, the estate brings a federal § 1983 claim for an Eighth Amendment violation, an Ohio law claim for wrongful death, and three Ohio law claims for medical negligence. The Southern Health Defendants now move for judgment on the pleadings of only those three Ohio law medical negligence claims.

### III. STANDARD

Motions for judgment on the pleadings filed under Rule 12(c) of the Federal Rules of Civil Procedure are subject to the same standard as a Rule 12(b)(6) motion to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). Under this standard, a lawsuit may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

To survive a motion to dismiss, the plaintiff must offer more than conclusory allegations or legal conclusions masquerading as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (The complaint must contain something more than "a formulaic recitation of the elements of a cause of action."). Instead, the complaint must state sufficient facts which, when accepted as true, state a claim "that is plausible on its face." *Iqbal*, 556 U.S. at 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct). Even though the factual allegations need not be "detailed," *Bell*, 550 U.S. at 555, "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Eidson v. Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

####        IV.     ANALYSIS

Through their motion, the Southern Health Defendants seek judgment on the pleadings of only those medical negligence claims Plaintiff asserts as the third, fourth, and fifth cause of action set forth in the Complaint. Contrary to Plaintiff's suggestion, the Southern Health Defendants do not seek judgment on the pleadings of Plaintiff's federal § 1983 claim or her wrongful death claim seeking damages under Ohio Revised Code § 2125.02. With that point of clarification, I turn to the merits of the motion.

The Southern Health Defendants argue that because Ohio Revised Code § 2305.113 requires that any "medical claim" be brought within one year of the date the cause of action accrues, Plaintiff's claim for medical negligence under this statute must be dismissed as untimely. In response, Plaintiff contends the two-year statute of limitations for wrongful death claims should apply to these claims because "the actual allegations stem from the untimely and wrongful death caused by the conduct of Defendants." (Doc. No. 33 at 6). That is, Plaintiff suggests that because Mr. Stewart ultimately died, the statute of limitations for wrongful death claims provided by § 2125.02 governs any "medical claims" related to that death.

In support of her argument, Plaintiff relies on two cases: (1) *Estate of Crnjak v. Lake Hospital System, Inc.*, 2024-Ohio-1977, 2024 WL 2698382 (Ohio Ct. App. May 23, 2024); and (2) *Everhart v. Coshocton County Memorial Hospital*, 2023-Ohio-4670, 2023 WL 8939848 (Ohio 2023).

Because *Estate of Crnjak* is neither factually nor legally on point to the question at issue here, I decline to discuss it further.

*Everhart* is arguably on point because the plaintiff there asserted distinct claims of medical malpractice (or negligence) and wrongful death, as Plaintiff does here. *Everhart*, 2023 WL 8939848, at *1. But the matter at issue in *Everhart* was whether § 2305.113's statute of repose applies to wrongful death claims, not whether § 2125.02's statute of limitations applies to a medical negligence

3

claim separate and apart from a wrongful death claim.  At best, in relying on *Everhart*, it appears Plaintiff may have misunderstood the Court's remark that it had not yet considered whether the one-year statute of limitations for "medical claims" applied to wrongful-death claims based on medical care.  2023 WL 8939848, at *6.  In stating as much, the Court did not suggest that the opposite could be true (i.e., that the two-year statute of limitations for wrongful death claims could apply to medical negligence claims) as Plaintiff urges me to conclude here.

Ultimately, Plaintiff has provided no authority to support her theory that a two-year statute of limitations may apply to her medical negligence claims, which are distinct from her wrongful death claim.  Plaintiff also does not meaningfully dispute Defendant's assertion that these medical negligence claims brought more than one year after Mr. Stewart died would be barred by a one-year statute of limitations.  Therefore, I do not consider that issue to be in dispute.

Because § 2305.113's one-year statute of limitations applies to medical negligence claims, I grant the Southern Health Defendants judgment on the pleadings of each of those claims.  While Plaintiff may pursue a wrongful death claim based on the allegedly deficient medical care, which undisputably has a two-year statute of limitations under § 2125.02, she may not pursue a separate claim of medical negligence based on these same factual allegations.

## V.  CONCLUSION

For the foregoing reasons, I grant the Southern Health Defendants' motion for judgment on the pleadings of Plaintiff's medical negligence claims.  (Doc. No. 32).  Remaining are Plaintiff's federal § 1983 claim and Ohio law wrongful death claim, stated in the Complaint as the first and second causes of action.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

4